Hubert WARREN, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 10–01–047–CR.

Court of Appeals of Texas,
Waco.

Jan. 15, 2003.

Rehearing Overruled March 12, 2003.

Mark D. Griffith, Griffith & Associates, Waxahachie, for Appellant/Relator.

Joe F. Grubbs, County & District Attorney for Ellis Co., Cynthia W. Hellstern, Asst. County & District Attorney for Ellis Co., Waxahachie, for Appellee/Respondent.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

A jury convicted Hubert Warren of aggravated assault on a public servant. Warren pleaded "true" to allegations of four prior felony convictions, and the jury assessed his punishment at sixty years' imprisonment. Warren contends in four points that: (1) the trial court erred by failing to charge the jury on the lesser-included offense of evading arrest; (2) the evidence is legally insufficient to establish that he is the person who committed the offense; (3) the trial court violated his constitutional right to meaningfully participate in his defense by refusing to direct the State to provide him a copy of an in-car video recording; and (4) the trial court erred by denying counsel's post-trial motion to withdraw without a hearing.

## BACKGROUND

According to the record, a Dallas police officer received a dispatch regarding a truck stolen from a truck stop. She located the stolen truck and attempted to make a traffic stop. The driver refused to pull over. She radioed for assistance. The driver of the stolen truck led officers from several agencies on a high-speed chase down Interstate Highway 35. He exited the interstate and went north on U.S. Highway 287.

Two Department of Public Safety troopers laid spikes across both northbound lanes of Highway 287 as the stolen truck approached at approximately 100 miles per hour. The truck swerved to the right shoulder where one of the troopers was standing. The trooper pulled the spikes from the roadway by an attached rope so that the pursuing patrol cars would not be disabled. As he did so, he fell to the ground suffering severe injuries to both knees. Officers with the Midlothian Police Department eventually stopped the truck.

### *PRO SE* PLEADINGS

Warren has raised a number of different issues in *pro se* briefs he has filed.[1] We have decided to address one in the interest of justice: whether the trial court erred by denying counsel's motion to withdraw without a hearing.[2] *See Williams v. State*, 946 S.W.2d 886, 892 (Tex.App.-Waco 1997, no pet.) (appellate court may consider *pro se* issue in the interest of justice even though appellant has no right to hybrid representation). At oral argument, we directed Warren's counsel and the State's counsel to provide additional briefing on this issue, which they have done.

## SUFFICIENCY OF EVIDENCE

Warren contends in his second point that the evidence is legally insufficient to prove that he is the person who committed the offense because he was identified at trial as "Hubert Warren, Jr." but the indictment alleges that "Hubert Warren" committed the offense.

In reviewing a claim of legal insufficiency, we view the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential element beyond a reasonable doubt. *Lacour v. State*, 8 S.W.3d 670, 671 (Tex.Crim.App.2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979)). We resolve any inconsistencies in the evidence in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim. App.2000).

Warren cites article 21.02(4) of the Code of Criminal Procedure for the proposition that the name of the accused is material to an indictment. *See* TEX.CODE CRIM. PROC. ANN. art. 21.02(4) (Vernon 1989). While that may be a correct statement of the law, the pertinent inquiry for our consideration is whether the name of the accused "is a substantive element of the criminal offense as defined by state law." *Fuller v. State*, 73 S.W.3d 250, 252 (Tex.Crim.App.2002) (citing *Jackson*, 443 U.S. at 324 n. 16, 99

---

1.  Those issues include: (1) whether the court erred by granting the State's motion to amend the indictment in a pretrial hearing without notice to Warren; (2) whether his case should have been dismissed for violation of his right to a speedy trial; (3) whether the court erred by failing to require the State to provide him a transcription of testimony presented to the grand jury; (4) whether the State ever perfected the amendment of the indictment; (5) whether he received effective assistance of counsel at trial; and (6) whether the trial court erred by denying counsel's motion to withdraw without a hearing.

2.  We identified this as Warren's "fourth point" at the beginning of the opinion.

S.Ct. at 2792 n. 16, 61 L.Ed.2d at 577 n. 16).

■ The Court of Criminal Appeals held in *Fuller* that the victim's name is not a "substantive element" of the offense of injury to the elderly because the statute defining that offense does not include the victim's name as part of the definition of the offense. *Id.* at 253. Section 22.02 of the Penal Code, which defines the offense of which Warren was convicted, similarly does not include the defendant's name as part of the definition of the offense. *See* TEX. PEN.CODE ANN. § 22.02 (Vernon 1994). Accordingly, we conclude that the defendant's name is not a "substantive element" of the offense of aggravated assault as defined by section 22.02. *See Fuller,* 73 S.W.3d at 253.

■ Next, we must determine whether the variance between the indictment and the proof is "material." *Id.* (citing *Gollihar v. State,* 46 S.W.3d 243, 257 (Tex. Crim.App.2001)).

> A variance between the wording of an indictment and the evidence presented at trial is fatal only if "it is material and prejudices [the defendant's] substantial rights." When reviewing such a variance, we must determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime.

*Gollihar,* 46 S.W.3d at 257 (quoting *United States v. Sprick,* 233 F.3d 845, 853 (5th Cir.2000)).[3]

The evidence varied from the allegations of the indictment in that the defendant was identified by a witness as Hubert Warren, Jr. while the indictment alleges that "Hubert Warren" committed the offense. In *Fuller,* the witnesses referred to the victim as "Mr. Fuller" or "Buddy" while the indictment alleged his name as "Olen M. Fuller." *Id.* at 252. The Court observed, "There is no indication in the record that appellant did not know whom he was accused of injuring or that he was surprised by the proof at trial." 73 S.W.3d at 254.

In Warren's case, there is similarly no indication that he did not know that he was the person accused of committing the offense or that he was surprised that he was identified as Hubert Warren, Jr. Warren's counsel did not argue at the conclusion of the guilt-innocence phase that Warren should be acquitted because of this variance between the indictment and the proof. Accordingly, we conclude that the indictment gave Warren sufficient notice "to allow him to prepare an adequate defense at trial." *See Gollihar,* 46 S.W.3d at 257 (quoting *Sprick,* 233 F.3d at 853).

Regarding the issue of whether this variance subjects Warren to the risk of being prosecuted later for the same offense, the Court of Criminal Appeals noted in *Gollihar* that the entire record from a first trial (as opposed to the indictment alone) should be examined to protect against double jeopardy in a subsequent prosecution. *Id.* at 258 (citing *United States v. Apodaca,* 843 F.2d 421, 430 n. 3 (10th Cir.1988)). As the Court explained in a prior double jeopardy case, "[W]hen one cannot determine from the State's pleadings whether the offenses prosecuted are the same, the court must look to the proof offered at [the first] trial." *Ex parte Goodbread,* 967

---

**3.** The internal quotation is from *United States v. Mikolajczyk. See United States v. Sprick,* 233 F.3d 845, 853 (5th Cir.2000) (quoting

*Mikolajczyk,* 137 F.3d 237, 243 (5th Cir. 1998)).

S.W.2d 859, 860 (Tex.Crim.App.1998) (citing *Luna v. State*, 493 S.W.2d 854, 855 (Tex.Crim.App.1973)).

The Court concluded in *Fuller* that the defendant could not be subjected to a subsequent prosecution for the same offense because of the variance at issue in that case. 73 S.W.3d at 254 (citing *Gollihar*, 46 S.W.3d at 257). We reach the same conclusion here. If the State attempted to prosecute Warren again for this aggravated assault, a review of the record from the first trial would reveal that he had already been prosecuted for this offense. Accordingly, we conclude that the variance would not subject him to another prosecution for this offense. *Id.*

The variance between the indictment and proof is not "material." Accordingly, the evidence is legally sufficient to support Warren's conviction. *See Fuller*, 73 S.W.3d at 253; *Gollihar*, 46 S.W.3d at 257. Thus, we overrule Warren's second point.

### VIDEO RECORDING

Warren argues in his third point that the court violated his constitutional right to meaningfully participate in his defense[4] by refusing to require the State to provide him a copy of an in-car video recording of the pursuit so he could review the recording with his attorney. However, the record reflects that the State did provide him a copy of this recording. Accordingly, we overrule Warren's third point.

### LESSER–INCLUDED OFFENSE

Warren claims in his first point that the court erred by denying his request for submission of evading arrest as a lesser-included offense in the charge. The State responds that evading arrest is not a lesser-included offense of aggravated assault on a public servant.

A trial court must submit a lesser-included offense to the jury if: (1) such offense is included within the proof necessary to establish the offense charged; and (2) the record contains some evidence that if the defendant is guilty, he is guilty of only the lesser offense. *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex.Crim.App.2000); *Hardie v. State*, 79 S.W.3d 625, 630 (Tex. App.-Waco 2002, pet. ref'd). To determine whether the lesser offense is included within the proof necessary to establish the offense charged, we begin with an analysis of the statutory elements of the respective offenses. *E.g., Hardie*, 79 S.W.3d at 631; *Juneau v. State*, 49 S.W.3d 387, 390–91 (Tex.App.-Fort Worth 2000, pet. ref'd).

As charged, the elements of aggravated assault on a public servant are: (1) the defendant; (2) intentionally, knowingly, or recklessly; (3) caused serious bodily injury; (4) to a person he knew was a public servant; (5) who was lawfully discharging an official duty. TEX. PEN.CODE ANN. § 22.02. The elements of evading arrest applicable to this case are: (1) the defendant; (2) intentionally; (3) fled; (4) from a person he knew was a peace officer; (5) attempting to lawfully arrest him. *Id.* § 38.04 (Vernon Supp.2003).

The indictment alleges that the DPS trooper who was injured as a result of Warren's conduct "was then and there lawfully discharging an official duty, to-wit: attempting to apprehend defendant *while fleeing from commission of a felony offense*." (emphasis added). Warren contends that the italicized portion of this allegation requires the submission of evad-

---

4. A criminal defendant has a due process right "to participate meaningfully in a judicial proceeding in which his liberty is at stake." *Ake v. Oklahoma*, 470 U.S. 68, 76, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53, 61 (1985); *McBride v. State*, 838 S.W.2d 248, 252 (Tex. Crim.App.1992).

ing arrest as a lesser-included offense because it references his act of fleeing.

However, "fleeing" is not one of the substantive elements of aggravated assault on a public servant. *See* TEX. PEN.CODE ANN. § 22.02; *Fuller,* 73 S.W.3d at 252 (citing *Jackson,* 443 U.S. at 324 n. 16, 99 S.Ct. at 2792 n. 16, 61 L.Ed.2d at 577 n. 16). Its inclusion as a term descriptive of the trooper's lawful discharge of an official duty (a substantive element of the offense) does not elevate it to that level. Because the term "fleeing" is not a substantive element of the offense of aggravated assault on a public servant, evading arrest is not a lesser-included offense.

We also note that Texas courts have held on prior occasions that evading arrest or the related offense of fleeing[5] is not a lesser-included offense of aggravated assault. *See Muncy v. State,* 505 S.W.2d 925, 926 (Tex.Crim.App.1974) (fleeing is not a lesser-included offense of aggravated assault with a motor vehicle); *Mills v. State,* 625 S.W.2d 47, 50–51 (Tex.App.-San Antonio 1981, no pet.) (evading arrest conviction does not pose jeopardy bar to subsequent prosecution for aggravated assault).

■ Finally, we note that section 38.04(d) expressly provides that "[a] person who is subject to prosecution under both this section and another law may be prosecuted under either or both this section and the other law." *Id.* § 38.04(d). Thus, the Legislature has expressly defined evading arrest to not be a lesser-included offense of other offenses. *Cf. Ex parte Pool,* 71 S.W.3d 462, 468 (Tex.App.-Tyler 2002, no pet.) ("Legislature has ex-

pressly approved multiple punishments in the case of violation of a protective order [and burglary of a habitation arising from same transaction"]) (citing similar provision in TEX. PEN.CODE ANN. § 25.07(c) (Vernon Supp.2003)).

For the foregoing reasons, we overrule Warren's first point.

## MOTION TO WITHDRAW

■ Warren avers in his fourth point that the court erred by failing to conduct a hearing on his motion requesting the court to permit his trial counsel to withdraw and appoint other counsel for appeal.

Warren's counsel prepared a motion to withdraw in which he alleged that he should be permitted to withdraw because: (1) he was "unable to effectively communicate with ... Warren"; (2) Warren desired that other counsel be appointed to represent him; and (3) Warren had "filed a grievance with the State Bar of Texas against [him]." Counsel had Warren personally sign the motion, indicating his consent. Counsel filed the motion forty-two days after imposition of sentence. Counsel requested that the court grant the motion or set the matter for hearing. The court denied the motion without a hearing.

Warren cites *Melendez v. Salinas* for the proposition that "[w]hen a defendant voices a seemingly substantial complaint about counsel, the trial judge should make a thorough inquiry into the reasons for the defendant's dissatisfaction." 895 S.W.2d 714, 715 (Tex.App.-Corpus Christi 1994, orig. proceeding). However, we do not believe that this statement accurately re-

---

**5.** Section 545.421(a) of the Transportation Code defines the offense of "Fleeing or Attempting to Elude Peace Officer" as follows:
A person commits an offense if the person operates a motor vehicle and wilfully fails or refuses to bring the vehicle to a stop or

flees, or attempts to elude, a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop.
TEX. TRANSP. CODE ANN. § 545.421(a) (Vernon 1999).

flects a trial court's obligation in this regard.

 The Court of Criminal Appeals has recently addressed this issue.

The trial court has discretion to determine whether counsel should be allowed to withdraw from a case. "However, the right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice." Further, personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal. A trial court has no duty to search for counsel agreeable to the defendant.

*King v. State*, 29 S.W.3d 556, 566 (Tex. Crim.App.2000) (quoting *Green v. State*, 840 S.W.2d 394, 408 (Tex.Crim.App.1992)) (footnotes omitted).

Somewhat consistent with the statement of the Corpus Christi court in *Melendez*, the Supreme Court of the United States has stated, "Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate an inquiry." *Cuyler v. Sullivan*, 446 U.S. 335, 347, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333, 346 (1980). Warren's counsel quotes a 1993 decision of the First Court of Appeals for the proposition that "[a] disciplinary proceeding brought by a client against counsel creates an actual conflict of interest." *Garner v. State*, 864 S.W.2d 92, 99 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd). However, the court in *Garner* concluded that the record before it revealed only "the mere possibility of a conflict of interest" which "without more, is not sufficient to impugn a criminal conviction." *Id.* (citing *Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719, 64 L.Ed.2d at 348).

Warren's first two grounds to replace his trial counsel appear similar to those considered and rejected by the Court of Criminal Appeals on other occasions. *See*

*King*, 29 S.W.3d at 566 ("personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal") (citing *Solis v. State*, 792 S.W.2d 95, 100 (Tex.Crim.App.1990)). Regarding the allegation that Warren had filed a grievance against his counsel, we note that (as in *Garner* and a subsequent decision of the First Court) Warren has failed to include a copy of the grievance in the record or provide any information regarding the nature of the complaints set forth therein. *See McKinny v. State*, 76 S.W.3d 463, 478 (Tex.App.-Houston [1st Dist.] 2002, no pet.); *Garner*, 864 S.W.2d at 99. Warren "has shown the mere possibility of a conflict of interest, and such possibility, without more, is not sufficient to impugn his conviction." *McKinny*, 76 S.W.3d at 478 (citing *Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719, 64 L.Ed.2d at 348; *Garner*, 864 S.W.2d at 99).

Thus, we overrule his fourth point.

We affirm the judgment.