In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00097-CR
______________________________


BENNY SAVAS FLORES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30149-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          A jury convicted Benny Savas Flores for driving while intoxicated (DWI)—
subsequent offense, a third degree felony. See Tex. Pen. Code Ann. § 49.04 (Vernon
2003), § 49.09 (Vernon Supp. 2004). The trial court sentenced Flores to ten years'
imprisonment. Flores presents five issues on appeal. In points of error one through four,
Flores challenges the factual and legal sufficiency of the evidence supporting the jury's
finding that he had been twice previously and finally convicted of DWI. In his fifth point of
error, Flores contends the trial court erred by allowing the State to amend the indictment
after the jury had been sworn. We overrule each issue and affirm the trial court's
judgment.
I. Factual and Procedural Background
          At trial, the State introduced a certified driving record from the Department of Public
Safety for a person named "Benny Savas Flores," who held a class C driver's license with
the number 04435980, whose date of birth was June 14, 1945, and who lived at 402 Florey
Street, Kilgore, Texas, 75662. The sponsoring witness, Officer Tony Stone of the Kilgore
Police Department, identified the exhibit as the defendant's certified driving record. (Officer
Stone was also the arresting officer for the charge underlying Flores' appeal and had
previously testified that Flores' driver's license number was 04435980.) 
          The exhibit indicates Flores was convicted of DWI in the County Court of Galveston
County, Texas, August 3, 1984 (offense date May 27, 1984), in cause number
0000071048. The exhibit also shows Flores was convicted of DWI in Gregg County
January 19, 1994 (offense date June 13, 1993), in County Court cause number
0000083378. 
          During trial, prosecutors introduced certified documents of Flores' two prior
convictions: one from Gregg County in cause number 0000083378, and one from
Galveston County, dated August 3, 1984. A "Defendant's Personal Data Sheet"
accompanies the Gregg County records and describes the defendant in that case as
having an address of 402 Florey, Kilgore, Texas, and a date of birth of June 14, 1945. The
last page of the Gregg County judgment contains a thumb print. The Galveston County
judgment contains no physical description of the defendant and lacks his address, a thumb
print, and a driver's license or social security number.
II. Was the Evidence of Flores' Prior Convictions Factually and Legally Sufficient?
          In his first and second points of error, Flores contends the evidence is legally and
factually insufficient to show that the "Benny Flores" mentioned in the Galveston County
record is the same individual as the appellant. 
          In our review of the legal sufficiency of the evidence, we employ the standards set
forth in Jackson v. Virginia, 443 U.S. 307, 319 (1979). This calls on the Court to view the
relevant evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). If the
evidence is legally insufficient, the appropriate remedy is to reverse the conviction and
render a judgment of acquittal. Blanson v. State, 107 S.W.3d 103, 107 (Tex.
App.—Texarkana 2003, no pet.).
          When reviewing a challenge to the factual sufficiency of the evidence, we determine
whether, considering all the evidence in a neutral light, the jury was rationally justified in
finding guilt beyond a reasonable doubt. Zuniga v. State, No. 539-02, 2004 Tex. Crim.
App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004). There are two ways in which we
may find the evidence factually insufficient. First, if the evidence supporting the verdict,
considered alone, is too weak to support the jury's finding of guilt beyond a reasonable
doubt, then we must find the evidence insufficient. Id. Second, if—when we weigh the
evidence supporting and contravening the conviction—we conclude that the contrary
evidence is strong enough that the state could not have met its burden of proof, we must
find the evidence insufficient. Id. "Stated another way, evidence supporting guilt can
'outweigh' the contrary proof and still be factually insufficient under a beyond-a-reasonable
doubt standard." Id. If the evidence is factually insufficient, then we must reverse the
judgment and remand for a new trial. Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim.
App. 1996).
          Reference to the Galveston County judgment appears in what Stone identified as
Flores' certified driver's license history. Stone also told the jury that the person he arrested
December 28, 2002, for DWI had a driver's license number of 04435980 and an address
of 402 Florey Street, which is the same driver's license number and address listed on the
certified driver's license history that was in evidence. 
          Viewing the evidence in the light most favorable to the jury's verdict, the State
presented sufficient circumstantial evidence to link Flores to the Galveston County
conviction. Each document shows matching offense and conviction dates, and both
suggest a nonprobated jail sentence. Most importantly, both bear the name of "Benny
Flores." Given the totality of the evidence, we cannot say a rational jury could not have
found the "Benny Flores" listed in the Galveston County conviction was the same person
as the appellant. 
          Similarly, viewing the evidence in a neutral light, we cannot say the jury was not
rationally justified in finding the appellant had been convicted of DWI in Galveston County
as alleged in the indictment. First, the circumstantial evidence supporting the jury's finding
is not too weak to support the jury's finding. Second, the evidence supporting the jury's
verdict is not outweighed by contrary evidence. We overrule Flores' first and second points
of error.
          In his third and fourth points of error, Flores contends the evidence is legally and
factually insufficient to support the jury's finding that his Gregg County conviction was
"final" for the purpose of enhancing his new charge to that of a felony offense. The basis
for Flores' claim is that the Gregg County judgment was not signed by the trial court in that
case. While the trial court signed the accompanying docket sheet (which also
commemorates the conviction) and the order reflecting the conditions of community
supervision, its signature does not appear on the judgment of conviction. 
          "[T]he validity of a conviction is not affected by the failure of the trial judge to sign
the judgment." Mulder v. State, 707 S.W.2d 908, 913 (Tex. Crim. App. 1986) (citing Harrell
v. State, 643 S.W.2d 686 (Tex. Crim. App. [Panel Op.] 1982); Gutierrez v. State, 456
S.W.2d 84 (Tex. Crim. App. 1970)); see also Fortune v. State, 699 S.W.2d 706, 708 (Tex.
App.—Beaumont 1985), aff'd, 745 S.W.2d 364 (Tex. Crim. App. 1988). We overrule
Flores' third and fourth points of error.
III. Should the State Have Been Permitted to Amend the Indictment on the Day of Trial?
 
          In his final point of error, Flores contends the trial court committed reversible error
by permitting the State to amend the indictment after the jury had been sworn. On
March 3, 2003, the State filed a motion to amend the indictment to include the correct
cause number of one of the prior convictions. However, the State's motion was not
granted until April 29, 2003, after the jury had been selected, seated, and sworn.



          Prior convictions used for jurisdictional enhancements, unlike prior convictions used
merely for punishment enhancements, must be pled in the indictment. Weaver v. State,
87 S.W.3d 557, 560–61 (Tex. Crim. App. 2002). Article 28.10(c) of the Code of Criminal
Procedure prohibits any amendment to the indictment after the trial commences if the
defendant objects. Tex. Code Crim. Proc. Ann. art. 28.10 (Vernon 1989). In this case,
Flores objected to amending the indictment. The trial court therefore clearly erred by
granting the State's motion to amend the indictment. The remaining question is whether
the trial court committed reversible error.
          Flores cites Sodipo v. State, 815 S.W.2d 551 (Tex. Crim. App. 1990) (op. on reh'g),
for the proposition that the trial court's error is not subject to harm analysis and requires
automatic reversal. In Sodipo, the trial court permitted the state to amend the indictment,
over the defendant's objection, before jury selection. Id. at 555. The Texas Court of
Criminal Appeals reversed Sodipo's conviction, explaining that the absolute provisions of
Article 28.10 cannot be subject to a harmless error analysis in a meaningful manner. Id.
at 556.
          The Texas Court of Criminal Appeals has not overruled Sodipo in the specific
context of Article 28.10. Nonetheless, the court's more recent jurisprudence suggests
harm analysis is required. In Matchett v. State, 941 S.W.2d 922, 928 (Tex. Crim. App.
1996), the Texas Court of Criminal Appeals ruled that cases involving statutes with
absolute requirements (specifically Article 26.13 concerning guilty plea admonishments),
should be examined with a "case by case determination of whether in fact a meaningful
harm analysis is possible." The following year, the Texas Court of Criminal Appeals stated
more forcefully that "[e]xcept for certain federal constitutional errors labeled by the United
States Supreme Court as 'structural,' no error, whether it relates to jurisdiction,
voluntariness of a plea, or any other mandatory requirement, is categorically immune to a
harmless error analysis." Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). In
keeping with this requirement, we will examine whether Flores suffered harm as a result
of the trial court's error. 
          The error in this case involves a statutory violation, not a constitutional error. We
review harm for nonconstitutional errors under Rule 44.2(b) of the Texas Rules of Appellate
Procedure. Rule 44.2(b) requires us to disregard errors, defects, irregularities, or variances
that do not affect the accused's substantial rights. Tex. R. App. P. 44.2(b). A "substantial
right" is affected "when the error had a substantial and injurious effect or influence in
determining the jury's verdict." King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
If, on the record as a whole, it appears the error "did not influence the jury, or had but a
slight effect," we must consider the error harmless and allow the conviction to stand. 
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). 
          To determine whether the trial court's error affected a substantial right, we will
examine the possible outcomes to the trial had the indictment not been erroneously
amended. The critical inquiry requires consideration of two questions:
whether the indictment, as written, informed the defendant of the charge
against him sufficiently to allow him to prepare an adequate defense at trial,
and whether prosecution under the deficiently drafted indictment would
subject the defendant to the risk of being prosecuted later for the same
crime.
 
Gollihar v. State, 46 S.W.3d 243, 248 (Tex. Crim. App. 2001) (quoting United States v.
Sprick, 233 F.3d 845, 853 (5th Cir. 2000)). The second prong of the test does not apply
to the case now before us. An error in the jurisdictional enhancement allegation will not
lead to another prosecution. Thus, we must concern ourselves solely with whether Flores
had adequate notice to prepare a defense.
          In this case, the hypothetically correct jury charge must include an allegation of
Flores' two prior DWI convictions. See Jimenez v. State, 981 S.W.2d 393, 396 (Tex.
App.—San Antonio 1998, pet. ref'd). The hypothetically correct jury charge, as authorized
by the unamended indictment in this case, would have listed the Galveston County case
number as "#2," rather than "71048" as recorded in the certified driver's license history. 
Therefore, there would have been an obvious difference between what was alleged in the
indictment and what was shown by the evidence.
          "A 'variance' occurs when there is a discrepancy between the allegations in the
charging instrument and the proof at trial." Gollihar, 46 S.W.3d at 246. A variance
between the indictment and the evidence is fatal to a conviction only if the variance results
in actual surprise or prejudices the rights of the accused. Rojas v. State, 986 S.W.2d 241,
246 (Tex. Crim. App. 1998); Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim. App.
1995). For such a variance to be material, a defendant has the burden to show surprise
or prejudice. Santana v. State, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001).
          In Human v. State, 749 S.W.2d 832, 840 (Tex. Crim. App. 1988), the Texas Court
of Criminal Appeals held a variance between the actual cause number of the prior
conviction and the number alleged in the indictment was not fatal because, in part, Human
offered no proof he was surprised or prejudiced. In the case now before us, the record is
clear that Flores had about five weeks' advance notice of the State's intent to use the
Galveston County prior conviction to enhance Flores' offense to a felony. There is also no
indication from the record before us that Flores was surprised by the evidence of the
Galveston County conviction or by the State's desire to have the amendment reflect the
evidence the State planned to offer during trial. And we believe that the indictment, as
originally written, was sufficient to allow Flores to prepare an adequate defense. 
Accordingly, any variance would not have been material, and Flores has not shown
reversible error.
          For the reasons stated, we affirm the trial court's judgment.



                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      June 10, 2004
Date Decided:         June 14, 2004

Publish