IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00053-CR

 

Artimus Demorris Mason,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 82nd District Court

Falls County, Texas

Trial Court No. 7954

 



MEMORANDUM  Opinion



 








          A jury convicted Artimus DeMorris
Mason of aggravated robbery and assessed his punishment at thirty years’
imprisonment.  Mason contends in two issues that: (1) the evidence is legally
insufficient to establish that he threatened or placed the complainant in fear
of “imminent” bodily injury; and (2) the court erred by permitting the State to
amend the indictment after both parties had rested during the guilt-innocence
phase.  We will affirm.

          The indictment as originally presented
alleged in pertinent part that Mason “threaten[ed] or place[ed] Louis Mendoza,
Jr., a disabled person, in fear of bodily injury or death.”  However, section
29.03 of the Penal Code provides that a person commits the offense of
aggravated robbery if the person “threatens or places [an elderly or disabled] person
in fear of imminent bodily injury or death.”  Tex. Pen. Code Ann. § 29.03(a)(3) (Vernon 2003) (emphasis
added).

Legal Sufficiency

          Mason contends in his first issue that
the evidence is legally insufficient to prove that he threatened or placed Mendoza in fear of “imminent” bodily injury.

          For a legal sufficiency challenge, we
view all the evidence before the jury “in the light most favorable to the
prosecution” and ask whether “any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.”  Moff
v. State, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004) (quoting Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)).

          The term “imminent”
requires “a present, not a future threat.”  Devine v. State, 786 S.W.2d 268,
270 (Tex. Crim. App. 1989); accord Neagle v. State, 91 S.W.3d 832, 834
(Tex. App.—Fort Worth 2002, pet. ref’d); Bryant v. State, 905 S.W.2d 457,
459 (Tex. App.—Waco 1995, pet. ref’d).  The pertinent question is whether “the
accused’s words and conduct were sufficient to place a reasonable person in the
victim’s circumstances in fear of imminent bodily injury.”  Hayden v. State,
155 S.W.3d 640, 643
(Tex. App.—Eastland 2005, pet. ref’d) (citing Welch v. State, 880 S.W.2d
225, 226 (Tex. App.—Austin 1994, no pet.) (per curiam)).

          Here, Mason sat down in Mendoza’s car when Mendoza went inside a convenience store to pay for gas.  The store
clerk, Jeannie Cox, and Mendoza went out to the car to tell Mason to get out of
it and leave the premises.[1] 
Mendoza, who suffers from rheumatoid arthritis, took longer to get to the car
than Cox.

          Cox testified that when
she got to the car she told Mason to get out and leave.  Mason refused, insisting
that it was his car.  According to Cox, when Mendoza got to the car, Mason “got
in his face.”  She described Mason as “very threatening” and said Mason was
“pushing on [Mendoza],” who “was being pressed up against the door” of the
car.  Cox feared that Mendoza “would get broken,” and she “begged [Mason] not
to hurt [Mendoza], that’s how tense it was.”

          Mendoza testified that
Mason told him that, if Mendoza called the police, Mason would kill him. 
According to Mendoza, Mason was “pushing” and “poking” him.  Mason “was
sticking his hand back there . . . like he had a gun or knife or something.”  Mendoza testified that he was afraid and “concerned for [his] safety at that point.”  The
officer who responded to Cox’s call described Mendoza as “extremely upset.”

          Mason compares the facts
of his case to the facts of Devine in which the Court of Criminal
Appeals found the evidence legally insufficient to prove the defendant
threatened the victim with “imminent” bodily injury.[2]  In that case, the defendant had
threatened to kill the victim “at some time in the future if he had refused to
hand over the money.”  786 S.W.2d at 270-71.  There was no “evidence of overt
threats of imminent bodily injury,” nor was there anything “in the record to
indicate that appellant had acted in such a way as to place him in fear of
imminent harm.”  Id. at 271.

          Here, however, there was
physical contact between Mason and Mendoza.  In addition, Mendoza feared Mason
had a weapon because of the manner in which Mason was holding his hand. 
Because of these overt acts, the facts of this case are different than those
presented in Devine.

          Accordingly, we hold that
a rational trier of fact could have found that Mason’s “words and conduct were sufficient to
place a reasonable person in [Mendoza’s] circumstances in fear of imminent
bodily injury.”  See Hayden, 155 S.W.3d at 644.  Thus, we overrule
Mason’s first issue.

Amendment of the Indictment

          Mason contends in his
second issue that the court erred
by permitting the State to amend the indictment after both parties had rested
during the guilt-innocence phase.

          After the court submitted its proposed
charge to the parties for review, Mason’s trial counsel commented that the
charge properly instructed the jury that it must find that Mason had threatened
 Mendoza with “imminent” bodily injury.  However, counsel objected that the
verdict form allowed the jury to find Mason guilty “as charged in the
indictment” even though the indictment did not include the term “imminent.”

          The State then asked the court for
permission to amend the indictment to include this term, which the court
permitted over Mason’s objection.[3]

          An indictment may not be amended
“after the trial on the merits commences” if the defendant objects.  See
Tex. Code Crim. Proc. Ann. art.
28.10(b (Vernon 1989); Hillin v. State, 808 S.W.2d 486, 488 (Tex. Crim.
App. 1991); Flores v. State, 139 S.W.3d 61, 65 (Tex. App.—Texarkana 2004,
pet. ref’d); Curry v. State, 1 S.W.3d 175, 177 (Tex. App.—El Paso 1999),
aff’d, 30 S.W.3d 394 (Tex. Crim. App. 2000).  Thus, the court erred by
permitting the State to amend the indictment.

          Quoting Eastep v. State, Mason
contends that this type of error is “not subject to a harm analysis.”  941
S.W.2d 130, 135 (Tex. Crim. App. 1997).  However (as Mason candidly
acknowledges), this Court and other intermediate courts of appeals have concluded
that subsequent decisions of the Court of Criminal Appeals require the
application of a harm analysis for this type of error.  See Westfall v.
State, 970 S.W.2d 590, 596-97 (Tex. App.—Waco 1998, pet. ref’d); accord Flores, 139 S.W.3d at 66; Valenti v. State, 49 S.W.3d 594, 598 (Tex. App.—Fort
Worth 2001, no pet.); Curry, 1 S.W.3d at 178.

          The court’s error in permitting the
amendment over Mason’s objection is not constitutional in nature.  See Flores, 139 S.W.3d at 66; Valenti, 49 S.W.3d at 598; Curry, 1 S.W.3d at
178-79; Westfall, 970 S.W.2d at 596.  Thus, this error requires reversal
only if it affected Mason’s “substantial rights.”  See Tex. R. App. P. 44.2(b); Flores,
139 S.W.3d at 66; Valenti, 59 S.W.3d at 598; Curry, 1 S.W.3d at
178-79; Westfall, 970 S.W.2d at 596.

          The Texarkana Court has concluded that
a harm analysis in this context requires an appellate court to determine:

          whether the indictment, as written,
informed the defendant of the charge against him sufficiently to allow him to
prepare an adequate defense at trial, and whether prosecution under the
deficiently drafted indictment would subject the defendant to the risk of being
prosecuted later for the same crime.

 

Flores,
139 S.W.3d at 66 (quoting Gollihar v. State, 46 S.W.3d 243, 248 (Tex.
Crim. App. 2001) (quoting United States v. Sprick, 233 F.3d 845, 853
(5th Cir. 2000))); see also Warren v. State, 98 S.W.3d 739, 742 (Tex.
App.—Waco 2003, pet. ref’d).  We agree with this approach.

          Mason suggests that a hypothetically
correct jury charge based on the original indictment would require only that
the State prove that he threatened Mendoza with bodily injury.  We disagree.

          Among other things, a hypothetically
correct jury charge is “one that accurately sets out the law [and] is
authorized by the indictment.”  Gollihar, 46 S.W.3d at 253 (quoting Malik
v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  “[T]he law as
‘authorized by the indictment’ [consists of] the statutory elements of the
offense ‘as modified by the charging instrument.’”  Id. at 254 (quoting Curry
v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000)).

          The aggravated robbery statute
applicable to this case requires as an element that the defendant threaten the
victim with “imminent” bodily injury.  See Tex. Pen. Code Ann. § 29.03(a)(3); Jefferson v. State,
144 S.W.3d 612, 613 (Tex. App.—Amarillo 2004, no pet.); Santos v.
State, 116 S.W.3d 447, 457 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref’d).  The “hypothetically correct” charge proposed by Mason would omit an
important part of an element of the offense and, according to our research,
would not charge an offense at all.  Cf. Tex. Pen. Code Ann.
§ 22.01(a)(2) (Vernon Supp. 2005), § 22.015(b)(1) (Vernon 2003).[4]

          Thus, a hypothetically correct jury charge
would require the jury to find that Mason threatened Mason with “imminent”
bodily injury.  This is a variance from the allegations of the indictment as
originally presented.  See Gollihar, 46 S.W.3d at 246; Flores,
139 S.W.3d at 66; Warren, 98 S.W.3d at 742.  However, there is nothing
in the record to suggest that Mason was surprised or prejudiced by the State’s efforts
to prove that he threatened Mendoza with “imminent” bodily injury.

          During voir dire, the prosecutor
informed the jury that the State had to prove a threat of “imminent” bodily
injury.  When the prosecutor read the indictment to the jury at the
commencement of trial, the prosecutor included the term “imminent” even though
it had not been included in the indictment.  At the charge conference, Mason’s
counsel asked the court to include the term “imminent” in several locations
where it had been omitted from the court’s proposed charge.

          Thus, we conclude that the original
indictment gave Mason sufficient notice “to allow him to prepare an adequate
defense at trial.”  See Gollihar, 46 S.W.3d at 248; Flores, 139
S.W.3d at 66-67; Warren, 98 S.W.3d at 742.

          Mason concedes that he could not be
subjected “to the risk of being prosecuted later for the same crime.”  See
Gollihar, 46 S.W.3d at 248; Warren, 98 S.W.3d at 742-43.

          Accordingly, we hold that the trial
court’s error in permitting the State to amend the indictment at trial did not
affect Mason’s substantial rights.  Thus, we overrule Mason’s second issue.




We affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurs in the result without a separate opinion.)

Affirmed

Opinion delivered and
filed February 15, 2006

Do not publish

[CRPM]









[1]
          Mason had been previously warned
away from the premises.

 





[2]
          Henceforth, we use the phrase
“threatened with imminent bodily injury” or similar phrases as shorthand for
the statutory requirement that Mason “threaten[ed] or place[d] [Mendoza] in fear of imminent bodily injury or death.”  See Tex. Pen. Code Ann. § 29.03(a)(3) (Vernon 2003).





[3]
          Even though the State did not
formally request this amendment until after the close of the evidence, we note
that the State included the term “imminent” when it read the indictment at the
beginning of Mason’s trial.  However, any amendments to the indictment must be
in writing.  See Riney v. State, 28 S.W.3d 561, 564-66 (Tex. Crim. App. 2000); Herring v. State, 160 S.W.3d 618, 620 (Tex. App.—Waco 2005,
pet. granted); Aguilera v. State, 75 S.W.3d 60, 63-64 (Tex. App.—San
Antonio 2002, pet. ref’d).





[4]
          Each of these statutes define
criminal offenses (assault and coercing gang membership) to require that the
defendant threaten the victim “with imminent bodily injury.”