# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00555-CR

**Marion Duane Scoggins, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT
NO. 2004-102, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Marion Duane Scoggins guilty of failing to register as a sex offender and assessed punishment at fifteen years' imprisonment. *See* Tex. Code Crim. Proc. Ann. art. 62.102 (West Supp. 2005) (former art. 62.10).[1]  Appellant contends the trial court erred by permitting the State to amend the indictment after trial began and by admitting an irrelevant previous conviction in evidence.  He also asserts that the evidence is legally and factually insufficient to support the conviction.  We will overrule these contentions and affirm the conviction.

---

[1] Chapter 62 of the code of criminal procedure, the Texas Sex Offender Registration Program, was reenacted and amended effective September 1, 2005. *See* Act of May 8, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385.  None of the amendments are pertinent to this appeal. We will cite the current statutes and, in parentheses, note the corresponding article numbers in effect at the time of appellant's trial.

The indictment alleged that appellant violated his life-long obligation to verify his sex offender registration every ninety days, a second degree felony. *See id*. art. 62.102(b)(3) (former art. 62.10(b)(3)). To prove appellant's guilt as alleged, the State was required to prove that he had two convictions for sexually violent offenses. *See id*. arts. 62.058(a), 62.101(a)(1) (former arts. 62.06(a), 62.12(a)(1)). To this end, the indictment alleged that appellant:

> had been convicted two or more times for a sexually violent offense, namely, Indecency with a Child, in cause number 93-119 on the 31st day of January 1995 in the 22nd Judicial District Court of Caldwell County, Texas, and in cause number 944818 on the 13th day of February 1995 in the 147th Judicial District Court of Travis County, Texas . . . .

In his first point of error, appellant contends that the State was improperly allowed to amend the indictment after trial began. The alleged amendment happened after the State offered in evidence its exhibit 2, appellant's judgment of conviction for indecency with a child by contact and other court documents from Travis County cause number 944818. Appellant objected that the exhibit was "not relevant" and "not admissible" because of "a fatal variance between it and the indictment." Specifically, appellant pointed out that the judgment recited that appellant was convicted on March 31, 1995, rather than on February 13, 1995, as alleged. The State responded to the objection by "mov[ing] to abandon the date February 13th from the indictment," so that the indictment would simply allege that the conviction in cause number 944818 was "on 1995." The motion was granted over appellant's objection.

Under article 28.10(b), a defendant has an absolute veto power over proposed amendments to the charging instrument after trial on the merits has begun. Tex. Code Crim. Proc. Ann. art. 28.10(b) (West 1989); *Hillin v. State*, 808 S.W.2d 486, 489 (Tex. Crim. App. 1991)

2

(plurality op.). Not all alterations to an indictment are amendments, however. Certain allegations may be abandoned by the State without invoking article 28.10. *Eastep v. State*, 941 S.W.2d 130, 135 (Tex. Crim. App. 1997). Among other things, the State may abandon surplusage, that is, language that is not essential to constitute the offense and that may be omitted without affecting the accusation against the defendant. *Id*. at 134.[2] Whether the deletion of the day and month of appellant's conviction in cause number 944818 was an impermissible amendment of substance or a permissible abandonment of surplusage is a question we do not decide, because we conclude that any error in its deletion from the indictment was harmless.

At one time, violations of article 28.10 were considered to be immune from harmless error analysis and thus automatic reversible error. *Id*. at 135; *Sodipo v. State*, 815 S.W.2d 551, 554 (Tex. Crim. App. 1990). In *Cain v. State*, however, the court of criminal appeals held that except for a narrow group of federal constitutional errors, no error is categorically immune to a harmless error analysis. 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). The *Cain* court overruled "any other decision [that] conflicts with the present opinion." *Id*. Citing *Cain*, the court of criminal appeals has since applied harmless error analysis to a violation of article 28.10 and found the error to be harmless. *Wright v. State*, 28 S.W.3d 526, 531-32 (Tex. Crim. App. 2000); *see also Flores v. State*, 139 S.W.3d 61, 65-66 (Tex. App.—Texarkana 2004, pet. ref'd); *Valenti v. State*, 49 S.W.3d 594, 598-99 (Tex. App.—Fort Worth 2001, no pet.).

---

[2] The continuing validity of *Eastep*'s discussion of the subject of surplusage in an indictment is open to question in light of the opinion in *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001), in which the surplusage rule was overruled in the context of evidence sufficiency.

Had the State's request to alter the indictment been refused, the variance between the indictment and the proof regarding the date of conviction in cause number 944818 would not have been material. *See Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). A variance is material, and thus renders the evidence insufficient, only if the indictment as written did not give the accused sufficient notice to prepare an adequate defense or if prosecution under the deficient indictment would subject the accused to the risk of double jeopardy. *Id.* In the context of this cause, double jeopardy is not a factor. As for notice, the indictment described appellant's Travis County conviction by offense, county, court, cause number, and date. Even with the date error, the indictment was plainly sufficient to give appellant notice of the conviction at issue. In fact, the record reflects that appellant was aware of the date discrepancy and had obtained other documents from cause number 944818 before trial began. We hold that if the deletion from the indictment of the month and day of appellant's conviction in cause number 944818 was a violation of article 28.10(b), the error was harmless. *See Flores*, 139 S.W.3d at 66-67. Point of error one is overruled.

In his second point of error, appellant contends that the court erred by admitting in evidence State exhibit 3, a certified copy of appellant's judgment of conviction in the 22nd District Court of Caldwell County in cause number 93-199. Appellant urges that the judgment was irrelevant and inadmissible because it describes the offense for which appellant was convicted as merely indecency with a child, without specifying that the offense involved sexual contact.

Indecency with a child by contact is a sexually violent offense under the terms of the sex offender registration program but indecency with a child by exposure is not. *See* Tex. Code Crim. Proc. Ann. art. 62.001(6)(A) (former art. 62.01(6)(A)). Although the judgment of conviction in cause number 93-119 does not expressly recite that appellant was convicted of indecency by

4

contact, it does state that the offense was a second degree felony, and it imposes a sixteen-year prison term. In 1990, when the offense for which appellant was convicted in cause number 93-119 was committed, indecency with a child by contact was a second degree felony, as it still is. Act of May 12, 1981, 67th Leg., R.S., ch. 202, § 3, 1981 Tex. Gen. Laws 471, 472 (current version at Tex. Pen. Code Ann. § 21.11(d) (West 2003)). Indecency by exposure was and still is only a third degree felony. *Id*. Thus, the judgment in cause number 93-119 is sufficient to prove that appellant's conviction in that cause was for indecency with a child by contact, and appellant's objection to its admission on this ground was without merit. Point of error two is overruled.

Next, appellant contends that the evidence is legally insufficient to sustain his conviction. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency standard of review); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same). His argument is simply a variation on the arguments made in points one and two. For the reasons we have already discussed, there is not a material variance between the pleading and the proof with respect to appellant's conviction in cause number 944818, and the judgment in cause number 93-119 is sufficient to prove that the conviction was for a sexually violent offense. The evidence is legally sufficient to support a finding beyond a reasonable doubt that appellant had twice been convicted of sexually violent offenses, and that he therefore had a lifetime obligation to report every ninety days. Point of error three is overruled.

Finally, appellant contends that the evidence is factually insufficient to sustain the conviction. *See Zuniga v. State*, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004) (factual sufficiency standard of review). Specifically, appellant urges that the State did not adequately prove that he actually failed to report as required by the sex offender registration program.

5

JoAnn Blume testified that she was the administrative assistant to the Caldwell County Sheriff. Among her duties was the administration of the sex offender registration program for the county. Blume testified that her records regarding appellant's compliance with the registration program, introduced as State exhibits 4 and 6, reflected that appellant last reported on May 9, 2003, ninety days before the date on or about which appellant failed to report as alleged in the indictment. Appellant argues that this testimony is factually insufficient to prove a failure to report because he might have reported to some other person or because relevant documents might have been lost. These arguments go to the weight of the evidence, and even under factual sufficiency review we must give due deference to the fact-finder's determinations concerning the weight and credibility of the evidence. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). Giving the jury's verdict the deference it is due, the proof of guilt is not too weak to support a finding of guilt beyond a reasonable doubt. *See Zuniga*, 144 S.W.3d at 484-85; *Johnson*, 23 S.W.3d at 11. Point of error four is overruled.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: April 27, 2006

Do Not Publish

6