TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00555-CR






Marion Duane Scoggins, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 2004-102, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Marion Duane Scoggins guilty of failing to register as a sex
offender and assessed punishment at fifteen years' imprisonment. See Tex. Code Crim. Proc. Ann.
art. 62.102 (West Supp. 2005) (former art. 62.10). (1) Appellant contends the trial court erred by
permitting the State to amend the indictment after trial began and by admitting an irrelevant previous
conviction in evidence. He also asserts that the evidence is legally and factually insufficient to
support the conviction. We will overrule these contentions and affirm the conviction.

The indictment alleged that appellant violated his life-long obligation to verify his
sex offender registration every ninety days, a second degree felony. See id. art. 62.102(b)(3) (former
art. 62.10(b)(3)). To prove appellant's guilt as alleged, the State was required to prove that he had
two convictions for sexually violent offenses. See id. arts. 62.058(a), 62.101(a)(1) (former arts.
62.06(a), 62.12(a)(1)). To this end, the indictment alleged that appellant:


had been convicted two or more times for a sexually violent offense, namely,
Indecency with a Child, in cause number 93-119 on the 31st day of January 1995 in
the 22nd Judicial District Court of Caldwell County, Texas, and in cause number
944818 on the 13th day of February 1995 in the 147th Judicial District Court of
Travis County, Texas . . . .



In his first point of error, appellant contends that the State was improperly allowed
to amend the indictment after trial began. The alleged amendment happened after the State offered
in evidence its exhibit 2, appellant's judgment of conviction for indecency with a child by contact
and other court documents from Travis County cause number 944818. Appellant objected that the
exhibit was "not relevant" and "not admissible" because of "a fatal variance between it and the
indictment." Specifically, appellant pointed out that the judgment recited that appellant was
convicted on March 31, 1995, rather than on February 13, 1995, as alleged. The State responded to
the objection by "mov[ing] to abandon the date February 13th from the indictment," so that the
indictment would simply allege that the conviction in cause number 944818 was "on 1995." The
motion was granted over appellant's objection.

Under article 28.10(b), a defendant has an absolute veto power over proposed
amendments to the charging instrument after trial on the merits has begun. Tex. Code Crim. Proc.
Ann. art. 28.10(b) (West 1989); Hillin v. State, 808 S.W.2d 486, 489 (Tex. Crim. App. 1991)
(plurality op.). Not all alterations to an indictment are amendments, however. Certain allegations
may be abandoned by the State without invoking article 28.10. Eastep v. State, 941 S.W.2d 130, 135
(Tex. Crim. App. 1997). Among other things, the State may abandon surplusage, that is, language
that is not essential to constitute the offense and that may be omitted without affecting the accusation
against the defendant. Id. at 134. (2) Whether the deletion of the day and month of appellant's
conviction in cause number 944818 was an impermissible amendment of substance or a permissible
abandonment of surplusage is a question we do not decide, because we conclude that any error in
its deletion from the indictment was harmless.

At one time, violations of article 28.10 were considered to be immune from harmless
error analysis and thus automatic reversible error. Id. at 135; Sodipo v. State, 815 S.W.2d 551, 554
(Tex. Crim. App. 1990). In Cain v. State, however, the court of criminal appeals held that except
for a narrow group of federal constitutional errors, no error is categorically immune to a harmless
error analysis. 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). The Cain court overruled "any other
decision [that] conflicts with the present opinion." Id. Citing Cain, the court of criminal appeals
has since applied harmless error analysis to a violation of article 28.10 and found the error to be
harmless. Wright v. State, 28 S.W.3d 526, 531-32 (Tex. Crim. App. 2000); see also Flores v. State,
139 S.W.3d 61, 65-66 (Tex. App.--Texarkana 2004, pet. ref'd); Valenti v. State, 49 S.W.3d 594,
598-99 (Tex. App.--Fort Worth 2001, no pet.).

Had the State's request to alter the indictment been refused, the variance between the
indictment and the proof regarding the date of conviction in cause number 944818 would not have
been material. See Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). A variance is
material, and thus renders the evidence insufficient, only if the indictment as written did not give the
accused sufficient notice to prepare an adequate defense or if prosecution under the deficient
indictment would subject the accused to the risk of double jeopardy. Id. In the context of this cause,
double jeopardy is not a factor. As for notice, the indictment described appellant's Travis County
conviction by offense, county, court, cause number, and date. Even with the date error, the
indictment was plainly sufficient to give appellant notice of the conviction at issue. In fact, the
record reflects that appellant was aware of the date discrepancy and had obtained other documents
from cause number 944818 before trial began. We hold that if the deletion from the indictment of
the month and day of appellant's conviction in cause number 944818 was a violation of article
28.10(b), the error was harmless. See Flores, 139 S.W.3d at 66-67. Point of error one is overruled.

In his second point of error, appellant contends that the court erred by admitting in
evidence State exhibit 3, a certified copy of appellant's judgment of conviction in the 22nd District
Court of Caldwell County in cause number 93-199. Appellant urges that the judgment was irrelevant
and inadmissible because it describes the offense for which appellant was convicted as merely
indecency with a child, without specifying that the offense involved sexual contact.

Indecency with a child by contact is a sexually violent offense under the terms of the
sex offender registration program but indecency with a child by exposure is not. See Tex. Code
Crim. Proc. Ann. art. 62.001(6)(A) (former art. 62.01(6)(A)). Although the judgment of conviction
in cause number 93-119 does not expressly recite that appellant was convicted of indecency by
contact, it does state that the offense was a second degree felony, and it imposes a sixteen-year prison
term. In 1990, when the offense for which appellant was convicted in cause number 93-119 was
committed, indecency with a child by contact was a second degree felony, as it still is. Act of May
12, 1981, 67th Leg., R.S., ch. 202, § 3, 1981 Tex. Gen. Laws 471, 472 (current version at Tex. Pen.
Code Ann. § 21.11(d) (West 2003)). Indecency by exposure was and still is only a third degree
felony. Id. Thus, the judgment in cause number 93-119 is sufficient to prove that appellant's
conviction in that cause was for indecency with a child by contact, and appellant's objection to its
admission on this ground was without merit. Point of error two is overruled.

Next, appellant contends that the evidence is legally insufficient to sustain his
conviction. See Jackson v. Virginia, 443 U.S. 307, 324 (1979) (legal sufficiency standard of review);
Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same). His argument is simply
a variation on the arguments made in points one and two. For the reasons we have already discussed,
there is not a material variance between the pleading and the proof with respect to appellant's
conviction in cause number 944818, and the judgment in cause number 93-119 is sufficient to prove
that the conviction was for a sexually violent offense. The evidence is legally sufficient to support
a finding beyond a reasonable doubt that appellant had twice been convicted of sexually violent
offenses, and that he therefore had a lifetime obligation to report every ninety days. Point of error
three is overruled.

Finally, appellant contends that the evidence is factually insufficient to sustain the
conviction. See Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004) (factual
sufficiency standard of review). Specifically, appellant urges that the State did not adequately prove
that he actually failed to report as required by the sex offender registration program.

JoAnn Blume testified that she was the administrative assistant to the Caldwell
County Sheriff. Among her duties was the administration of the sex offender registration program
for the county. Blume testified that her records regarding appellant's compliance with the
registration program, introduced as State exhibits 4 and 6, reflected that appellant last reported on
May 9, 2003, ninety days before the date on or about which appellant failed to report as alleged in
the indictment. Appellant argues that this testimony is factually insufficient to prove a failure to
report because he might have reported to some other person or because relevant documents might
have been lost. These arguments go to the weight of the evidence, and even under factual sufficiency
review we must give due deference to the fact-finder's determinations concerning the weight and
credibility of the evidence. Johnson v. State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). Giving the
jury's verdict the deference it is due, the proof of guilt is not too weak to support a finding of guilt
beyond a reasonable doubt. See Zuniga, 144 S.W.3d at 484-85; Johnson, 23 S.W.3d at 11. Point
of error four is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: April 27, 2006

Do Not Publish
1. Chapter 62 of the code of criminal procedure, the Texas Sex Offender Registration Program,
was reenacted and amended effective September 1, 2005. See Act of May 8, 2005, 79th Leg., R.S.,
ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385. None of the amendments are pertinent to this appeal. 
We will cite the current statutes and, in parentheses, note the corresponding article numbers in effect
at the time of appellant's trial.
2. The continuing validity of Eastep's discussion of the subject of surplusage in an indictment
is open to question in light of the opinion in Gollihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App.
2001), in which the surplusage rule was overruled in the context of evidence sufficiency.