

# IN THE
## TENTH COURT OF APPEALS

### No. 10-13-00009-CV

HUBERT WARREN,

Appellant

 v.

MCLENNAN COUNTY JUDICIARY,
REX D. DAVIS, BILL VANCE AND TOM GRAY,

Appellees

**From the 414th District Court
McLennan County, Texas
Trial Court No. 2012-3248-5**

## MEMORANDUM  OPINION

In this matter, appellant, Hubert Warren, a prison inmate, challenges the trial court's December 28, 2012 order finding him to be a vexatious litigant pursuant to Chapter 11 of the Texas Civil Practice and Remedies Code.[1]  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 11.051, 11.054 (West 2002).  After filing his notice of appeal, appellant also filed an affidavit of indigence.  However, appellant did not file an affidavit of

[1] We note that appellant is on the list of vexatious litigants maintained by the Office of Court Administration.  *See* http://www.txcourts.gov/oca/vexatiouslitigants.asp.

previous filings, as required by Chapter 14 of the Texas Civil Practice and Remedies Code. *See id.* § 14.004 (West Supp. 2012). Because appellant failed to file an affidavit of his previous filings, this appeal may be dismissed as frivolous. *See, e.g., Johnson v. Sanford*, No. 10-13-00177-CV, 2013 Tex. App. LEXIS 7303, at *1 (Tex. App.—Waco June 13, 2013, no pet. h.) (mem. op.); *Douglas v. Turner*, No. 10-13-00031-CV, 2013 Tex. App. LEXIS 5747, at **4-5 (Tex. App.—Waco May 9, 2013, no pet. h.).

In any event, appellant has filed numerous motions in this Court, but he has not yet filed a brief in this matter. Because of his failure to file a brief, on May 23, 2013, we informed appellant that this appeal may be dismissed for want of prosecution unless, within twenty-one days, he files with this Court a response showing grounds for continuing the appeal. *See* TEX. R. APP. P. 38.8(a)(1), 42.3.

In response to our May 23, 2013 letter, appellant filed a "Motion to Show Cause to Continue Appeal," wherein he requested that this appeal be accelerated and that his appeal be heard without the submission of briefs.[2] Ostensibly, in his response to our

---

[2] We recognize that appellant attached papers to his motion that he requests this Court to consider. However, to the extent that these attachments can be construed to resemble an appellate brief, we note that appellant is missing several parts of a brief required by Texas Rule of Appellate Procedure 38.1. *See* TEX. R. APP. P. 38.1(a)-(e). Furthermore, appellant does not provide any citations to the record in making his arguments. *See id.* at R. 38.1(i); *see also In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.) ("The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. Bare assertions of error, without argument or authority, waive error." (internal citations omitted)). This is not appellant's first rodeo in this Court. *See In re Warren*, No. 10-12-00416-CR, 2012 Tex. App. LEXIS 10113 (Tex. App.—Waco Dec. 6, 2012, orig. proceeding) (mem. op., not designated for publication); *In re Warren*, No. 10-12-00218-CR, 2012 Tex. App. LEXIS 5940 (Tex. App.—Waco July 19, 2012, orig. proceeding) (mem. op., not designated for publication); *In re Warren*, No. 10-10-00459-CR, 2011 Tex. App. LEXIS 2044 (Tex. App.—Waco Mar. 16, 2011, orig. proceeding) (mem. op., not designated for publication); *Warren v. McLennan County Judiciary, et al.*, No. 10-09-00274-CV, 2010 Tex. App. LEXIS 5870 (Tex. App.—Waco July 14, 2010, no pet.) (mem. op.); *Warren v. State*, No. 10-09-00142-CV, 2009 Tex. App. LEXIS 4984 (Tex. App.—Waco July 1, 2009, no pet.) (mem. op.); *In re Warren*, No. 10-

May 23, 2013 letter, appellant indicated his intent to not file a brief in this matter. Texas Rule of Appellate Procedure 38.8(a)(1) provides that if an appellant fails to timely file a brief, this Court may dismiss the appeal for want of prosecution. *See id.* at R. 38.8(a)(1). Therefore, because appellant has failed to timely file a brief in this matter, we dismiss appellant's appeal for want of prosecution.[3] *See id.*

AL SCOGGINS
Justice

Before Justice Scoggins,
     Justice Scholer,
     and Justice Whitehill[4]
Appeal Dismissed
Opinion delivered and filed June 27, 2013
[CV06]

---

09-00070-CV, 2009 Tex. App. LEXIS 1965 (Tex. App.—Waco Mar. 25, 2009, orig. proceeding) (mem. op.); *In re Warren*, No. 10-07-00352-CR, 2007 Tex. App. LEXIS 9526 (Tex. App.—Dec. 5, 2007, orig. proceeding) (mem. op.) (per curiam); *Warren v. State*, 98 S.W.3d 739 (Tex. App.—Waco 2003, pet. ref'd). Moreover, under Texas law, pro-se litigants are held to the same standards as licensed attorneys with regard to compliance with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d at 211-12 (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978)). Accordingly, we do not find appellant's attachments to constitute a compliant brief saving this case from dismissal.

[3] All pending motions are dismissed as moot.

[4] The Honorable Karen G. Scholer and the Honorable William Whitehill sit by assignment of the Governor of Texas pursuant to article 5, section 11 of the Texas Constitution. *See* TEX. CONST. art. V, § 11.