In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00203-CR


______________________________




EDWARD RACHEL MCDONALD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 115th Judicial District Court


Marion County, Texas


Trial Court No. F13727




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 When he saw Officer Travis Redd driving toward him, Edward Rachel McDonald
"panicked." Recently released from prison, and having been only recently ticketed by Redd for
driving a motor vehicle without a driver's license, McDonald feared Redd would arrest him this time
if the officer caught him driving the white 1995 Buick automobile without having first obtained a
valid driver's license. So McDonald drove away, at an increasingly high rate of speed, through the
streets of Jefferson. Redd pursued, and McDonald eventually surrendered in the front yard of his
mother's house. 

 A jury convicted McDonald of evading arrest or detention while using a vehicle. See Tex.
Penal Code Ann. § 38.04 (Vernon 2003). McDonald appeals, raising three points of error. We
affirm.

(1) In Pari Materia

 In his first point of error, McDonald contends the crime outlined by Section 38.04 of the
Texas Penal Code (evading arrest or detention) is in pari materia (1) with Section 545.521 of the Texas
Transportation Code (fleeing or attempting to elude officer). Tex. Penal Code Ann. § 38.04; Tex.
Transp. Code Ann. § 545.421 (Vernon 1999). McDonald asserts that, because the latter is the
more specific statute, and because that offense is a misdemeanor rather than a felony, he should have
been convicted of only the misdemeanor offense, if convicted at all. 

 McDonald did not raise this issue in the trial court by way of a written pretrial motion. 
Instead, he waited until the State had finished presenting its case to make an oral motion for an
instructed verdict that, if he was found guilty, he would be found guilty only of the misdemeanor
offense of fleeing an officer. The State now argues that McDonald failed to preserve this issue for
appellate review by waiting to raise this issue until after the jury had heard testimony. 

 Regardless of whether McDonald preserved this issue for appellate review, it is clear that the
two statutes are not the same offense. Section 38.04(a) states, "A person commits an offense if he
intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain
him." Tex. Penal Code Ann. § 38.04(a). That offense is a state-jail felony "if the actor uses a
vehicle while the actor is in flight . . . ." Tex. Penal Code Ann. § 38.04(b)(1). Section 545.421(a)
states, "A person commits an offense if the person operates a motor vehicle and willfully fails or
refuses to bring the vehicle to a stop or flees, or attempts to elude, a pursuing police vehicle when
given  a  visual  or  audible  signal  to  bring  the  vehicle  to  a  stop."  Tex.  Transp.  Code  Ann.
§ 545.421(a). The Texas Penal Code offense contains an element requiring the State to prove the
accused knew that the person from whom the accused was fleeing was a peace officer. Tex. Penal
Code Ann. § 38.04(a); Hobyl v. State, 152 S.W.3d 624 (Tex. App.--Houston [1st Dist.] 2004, pet.
dism'd). The Texas Transportation Code offense requires instead that the accused know he or she
is being pursued by a "pursuing police vehicle," and also must be given a visual or audible signal to
stop regardless of who may be operating that vehicle. Tex. Transp. Code Ann. § 545.421. Thus,
the two crimes contain distinct elements for the State to prove. Moreover, the Texas Legislature has
expressly stated that "[a] person who is subject to prosecution under Section 38.04 and another law
may be prosecuted under either or both this section and the other law." With such a statement, the
Legislature has expressed its clear intent that the State not be forbidden from prosecuting an accused
for conduct that might be punished under Section 38.04, Section 545.421, or both sections. See also
Warren v. State, 98 S.W.3d 739, 744 (Tex. App.--Waco 2003, pet. ref'd). Accordingly, it cannot
be said that the two statutes irreconcilably conflict. We overrule McDonald's first point of error.

(2) Reasonable Suspicion to Detain

 In his second point of error, McDonald contends the officer lacked reasonable suspicion to
initially detain the accused, and, therefore, all events occurring after Redd's initial approach toward
McDonald's car July 21 were the products of an attempted unlawful detention or arrest. 

 If a police officer develops a reasonable suspicion to believe someone is engaging in, or is
about to engage in criminal activity, and if the officer can articulate specific facts to support such a
belief, the officer may temporarily stop and detain the suspected individual so that the officer may
either confirm or dispel the reasonable suspicion. Terry v. Ohio, 392 U.S. 1 (1968); Davis v. State,
947 S.W.2d 240, 242 (Tex. Crim. App. 1997). "To determine the reasonableness of such an
investigative detention the [United States Supreme] Court adopted a dual inquiry: (1) whether the
officer's action was justified at its inception; and, (2) whether it was reasonably related in scope to
the circumstances which justified the interference in the first place." Davis, 947 S.W.2d at 242
(citing Terry, 392 U.S. at 19-20).

 In this case, Redd testified he had issued a traffic citation to McDonald July 19, 2006,
because the latter had been operating a motor vehicle without possessing a current, valid driver's
license. Such conduct violates Section 521.021 of the Texas Transportation Code (defining offense). 
Tex. Transp. Code Ann. § 521.021 (Vernon 1999); see also Tex. Transp. Code Ann. § 521.045
(Vernon 1999) (providing criminal penalties for violation of Section 521.021). At the time,
McDonald had been driving a white, 1995 four-door Buick. Two days later, Redd again saw
McDonald on the streets of Jefferson behind the wheel of the same white Buick. Redd was doubtful
that McDonald had obtained a valid driver's license during the one-day interim period since their last
meeting; and, thus, Redd believed McDonald might again be operating a motor vehicle without a
valid license. So according to his testimony, Redd planned to temporarily detain McDonald for the
purpose of either confirming or dispelling Redd's suspicion that McDonald was again driving
without a license. 

 Also during this time, Redd noticed McDonald was parked in the middle of a street, and that
situation was blocking traffic. (Another vehicle was behind McDonald's car, but could not pass
because McDonald was in the middle of the thoroughfare.) It is illegal to obstruct a public street or
other place used for the passage of vehicles. See Tex. Penal Code Ann. § 42.03 (Vernon 2003). 
 When Redd pulled over to turn around and make contact with McDonald, McDonald "took
off." Redd then turned his vehicle around and began pursuing McDonald, but the officer did not
initially engage the police car's lights and sirens. While following McDonald, Redd observed
McDonald fail to come to a complete stop at several stop signs that were clearly and properly
displayed. Texas law requires a driver to come to a complete stop at all designated stop signs, unless
directed to take a different course of action by a police officer or a traffic-control signal. See Tex.
Transp. Code Ann. § 544.010 (Vernon 1999). Redd also opined that McDonald was driving at
approximately forty-five to fifty miles per hour, even though the posted speed limit for that area was
thirty miles per hour. It is illegal to drive a vehicle in excess of the posted speed limit, which is
generally thirty miles per hour on an urban street. See Tex. Transp. Code Ann. § 545.352(a), (b)(1)
(Vernon Supp. 2006).

 Redd eventually turned on the police car's lights and sirens, after which McDonald continued
his vehicular flight. At one point, McDonald drove his car off the roadway into a wooded area, only
to emerge moments later and continue driving away from the pursuing police car. According to the
officer's testimony, McDonald did not end his flight until he reached his mother's house, at which
time he got out of the car and peacefully surrendered. 

 In short, Redd's testimony articulated several, distinct reasons that would each independently
support an attempt to temporarily detain McDonald under Terry's reasonable suspicion requirement. 
Redd had specifically observed facts that suggested McDonald had committed several traffic
offenses in the officer's presence. Thus, McDonald's arrest for the subsequent flight while operating
a motor vehicle was not the end-product of an attempted, unlawful, initial detention. We overrule
McDonald's second point of error.

(3) Factual Sufficiency

 In his final point of error, McDonald contends the evidence is factually insufficient to support
his conviction. Our factual sufficiency review looks to all the evidence in a neutral light and
determines whether the evidence supporting the verdict is so weak that the jury's verdict is clearly
wrong and manifestly unjust, or whether the great weight and preponderance of the evidence is
contrary to the verdict. Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006); Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App.
1996).

 Our assessment of McDonald's second point of error outlines most of the State's evidence
supporting McDonald's conviction. The only other substantive evidence regarding the events at issue
came from McDonald's own testimony. During his testimony, McDonald first admitted he had been
driving without a valid driver's license July 19, 2006. He also admitted that, between July 19 and
July 21, he had not gone to get a driver's license. Third, McDonald admitted he had stopped in the
middle of the roadway July 21, albeit only briefly, to talk to a friend. McDonald also told the jury
that, when he recognized Redd driving toward him, he began to drive away from the area. 
McDonald then saw Redd turn his police car around and begin following him at a high rate of speed. 
 McDonald then "panicked" because he believed that, if he was found driving again without
a license, Redd would this time arrest him rather than issue a traffic citation. So McDonald fled. 
Eventually, he made his way back to his mother's house, and there he peacefully surrendered. During
his testimony, McDonald also admitted that he failed to obey several stop signs and that he heard and
saw the police car's sirens and lights during the chase but had ignored them. 

 In short, none of McDonald's testimony contradicts the State's evidence that McDonald
evaded the officer's attempt to detain, nor did McDonald's testimony contradict the State's evidence
that McDonald used a motor vehicle during the commission of his crime. To the contary,
McDonald's testimony only bolstered the State's evidence on the essential elements of the underlying
offense. Accordingly, we conclude the evidence supporting the jury's verdict is not greatly
outweighed by contrary evidence, nor does the jury's verdict appear manifestly unjust. We overrule
McDonald's final point of error.

 For the reasons stated, we affirm the trial court's judgment.




 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 8, 2007

Date Decided: March 9, 2007


Do Not Publish
1. The in pari materia doctrine "is a rule of statutory construction for determining which
statutory provision controls when a general provision and a more specific statutory provision deal
with the same subject matter and they irreconcilably conflict." Ex parte Smith, 185 S.W.3d 887, 899
n.5 (Tex. Crim. App. 2006).



on Locked="false" Priority="72" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful List Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00118-CR

                                                ______________________________

 

 

                                           LEANNA LUNA,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 217th
Judicial District Court

                                                           Angelina County, Texas

                                                         Trial Court
No. CR-28889

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








 

            MEMORANDUM OPINION

 

            Leanna Luna
pled guilty to the charge of possession of a controlled substance, namely,
cocaine, in an amount of less than one gram.[1]  Luna has filed a single brief, in which she
raises issues common to all of her appeals.[2]  She argues that the trial court committed
reversible error because her plea was involuntary and her trial counsel was
ineffective.

            We addressed
these issues in detail in our opinion of this date on Lunas appeal in cause
number 06-10-00117-CR.  For the reasons
stated therein, we likewise conclude that error has not been shown in this
case.

            We
affirm the trial courts judgment.

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          November
2, 2010

Date Decided:             November
16, 2010

 

Do Not Publish 

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Govt Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]Luna
appeals from convictions on two counts of robbery and one count for possession
of less than one gram of a controlled substance in cause numbers 06-10-00117-CR
and 06-10-00118-CR, respectively.