*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★        ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00098-CR

Shawn **BEAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-2614
Honorable Sharon MacRae, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed: March 3, 2010

AFFIRMED

A jury found appellant Shawn Bean guilty of possession of a controlled substance, less than one gram. After appellant pled "True" to two enhancements, the jury assessed punishment at five and a half years' confinement. On appeal, appellant argues (1) the trial court erred by refusing defense counsel's request to withdraw and (2) he was deprived of effective assistance of counsel. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In the early morning of February 21, 2008, Patrol Officer Hartford Lemm spotted appellant walking down Hays Street in the road near the curb, not on the nearby sidewalk, in violation of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 552.006(a) (Vernon Supp. 2009) (pedestrian may not walk along and on roadway if adjacent sidewalk is provided and accessible). Officer Lemm testified appellant's arm appeared stiff, indicating to Officer Lemm that appellant might be carrying a weapon or drugs. Officer Lemm followed appellant in his patrol car and eventually stopped his car and called appellant over. Appellant stopped walking, took two steps towards the officer, and then dropped a plastic bag from his hand. When appellant reached the patrol car, the officer performed a quick "pat down" for weapons. Officer Lemm then retrieved the plastic bag appellant had dropped and immediately suspected its contents to be crack cocaine. Appellant was arrested, and the bag's contents subsequently tested positive for cocaine.

On February 22, 2008, the trial court appointed appellant his first attorney. On June 6, 2008, appellant's counsel filed a motion for substituted counsel citing a conflict of interest not conducive to the attorney-client relationship. The trial court granted the motion and appointed a second attorney to represent appellant. On August 19, 2008, appellant filed a pro se motion to dismiss appointed counsel claiming an irreparable and antagonistic relationship with his second counsel. On September 3, 2008, appellant's second attorney filed a motion to withdraw as counsel citing an inability to effectively communicate with appellant. The trial court granted the motion and appointed appellant a third attorney. A few months later and less than a week before trial, the third attorney filed a motion to withdraw as counsel stating she was unable to communicate effectively with appellant. When the case was called for trial, counsel for appellant informed the court that appellant

had filed a complaint against her with the State Bar of Texas alleging she was not contacting or communicating with him effectively. The trial court replied, "I have my own opinion about why he may have done this, which has very little to do with your actions. I think it's just a delaying tactic, and I am going to deny your motion." The case proceeded to trial, and after the jury found the appellant guilty, this appeal ensued.

## DISCUSSION

In his first issue on appeal, appellant argues the trial court erred by not allowing his third attorney to withdraw even though appellant had filed a grievance against her with the State Bar of Texas. We review the trial court's refusal to allow counsel to withdraw from a case for an abuse of discretion. *King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000). The right to counsel may not be manipulated so as to obstruct the judicial process or interfere with the administration of justice. *Id.* A trial court has no duty to search for counsel agreeable to the defendant. *Id.* Personality conflicts and disagreements concerning trial strategy are typically not valid grounds for withdrawal. *Id.* Additionally, filing a grievance against an appointed attorney does not per se create a conflict of interest. *See Perry v. State*, 464 S.W.2d 660, 664 (Tex. Crim. App. 1971) (filing civil action against appointed attorney does not per se create conflict of interest).

Here, appellant presents no evidence of an actual conflict of interest between his third attorney and himself. His grievance does not appear in the record, and the only indication of the grounds of the grievance is counsel's statement to the court that appellant "is complaining [to the State Bar of Texas] that I'm not communicating with him." *See Warren v. State*, 98 S.W.3d 739, 744-45 (Tex. App.—Waco 2003, pet. ref'd) (mere allegation of ineffective communication not valid

-3-

grounds for withdrawal). After a review of the record, we conclude the trial court did not abuse its discretion when it denied appellant's third appointed counsel's motion to withdraw.

In his second issue on appeal, appellant argues he was deprived of effective assistance of counsel because his attorney failed to secure a timely ruling on a motion to suppress. Appellant acknowledges counsel filed a motion to suppress alleging the police arrested him without probable cause or other lawful authority; however, counsel informed the court she wanted the motion to run "concurrently with the hearing of the evidence in the trial so that the Court could at the appropriate time make a ruling on [the] motion to suppress." Appellant argues "no reasonable attorney would try an entire case in front of the jury and then seek to suppress the entire case."

To determine whether appellant was deprived of effective assistance of counsel, we apply the well-established standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Appellant must demonstrate his trial counsel's performance was deficient and that the deficiency was so serious that it prejudiced his defense. *Id.* However, a reviewing court will generally assume a strategic motive if any can be imagined and find counsel's performance deficient only if his conduct was so outrageous that no competent attorney would have engaged in it. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

Here, we assume a strategic motive for counsel's actions exists. If a trial court does not rule on a motion to suppress until after jeopardy attaches, a ruling in favor of the defendant is not appealable by the State. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon 2006) (State entitled to appeal order on motion to suppress only if jeopardy has not attached). In a state jury trial, jeopardy attaches when the jury is empaneled and sworn. *State v. Moreno*, 294 S.W.3d 594, 597 (Tex. Crim. App. 2009). Here, counsel's decision to run the motion concurrently with the trial left

open the possibility that a favorable ruling on the motion to suppress after jeopardy attached would conclusively suppress the evidence against appellant. Accordingly, appellant has failed to demonstrate his counsel's actions were deficient, thereby precluding his argument that he was denied effective assistance of counsel.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Do Not Publish