NO. 07-03-0035-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 30, 2004

_____


DEMARIUS JEFFERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 258TH DISTRICT COURT OF SAN JACINTO COUNTY;

NO. 8601; HONORABLE ELIZABETH COKER, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Appellant, Demarius Jefferson, brings this appeal challenging his conviction for the felony offense of aggravated assault and jury-assessed punishment of ten years incarceration in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant does not challenge the sufficiency of the evidence and a detailed recitation of the facts giving rise to his prosecution is unnecessary. Appellant was a target in an undercover drug investigation. In the course of an attempted buy Officer Hardy Nevill produced $200 cash to purchase cocaine from appellant. Both appellant and Nevill drew and pointed firearms at each other. Each testified his conduct was in response to the other drawing a gun first. Nevill disarmed appellant who escaped when Nevill went outside to arrest other participants. Appellant was later identified and arrested.

Appellant was indicted for aggravated robbery. At trial, over appellant's objection, the court charged the jury also concerning the lesser included offense of aggravated assault. Appellant's counsel stated the specific basis for the objection as:

> Article [sic] 31.03(a) of the Penal Code, Theft, is the basis upon which Robbery is predicated, Article [sic] 29.02(a)(2), and Aggravated Robbery, 29.03(a)(2) is predicated upon all the elements of Robbery. If you eliminate Theft . . . you have eviscerated the whole offense and just change[d] it into something it never was.

The jury found appellant guilty of that lesser included offense. Appellant's sole issue assigns error to inclusion of that offense in the jury charge.

The determination whether an offense is a lesser included offense under article 37.09(1) of the Code of Criminal Procedure must be made on a case-by-case basis. *Jacob v. State*, 892 S.W.2d 905, 907 (Tex.Crim.App. 1995). The determination is made by comparing (1) the elements of the offense actually charged, (2) the statutory elements of the offense sought as a lesser included offense, and (3) the proof presented at trial to show

the elements of the charged offense.  *Id.* at 907-08; *see Day v. State*, 532 S.W.2d 302, 315 (Tex.Crim.App. 1975) (op. on reh'g).

In this case, the elements of aggravated robbery as alleged in the indictment[1] were that the defendant, at the stated time and place: (1) while in the course of committing theft of property and with intent to obtain or maintain control of the property; (2) intentionally or knowingly threatened or placed the victim in fear of imminent bodily injury or death; and (3) then and there exhibited or used a deadly weapon in the form of a firearm.  See Tex. Penal Code ann. § 29.02 (Vernon 2003).  As applicable here, the statutory elements of aggravated assault are that the defendant (1) intentionally or knowingly threatened another with imminent bodily injury, and (2) used or exhibited a deadly weapon.  Tex. Penal Code ann. §§ 22.01(a)(2), 22.02(a)(2) (Vernon 2003).  Appellant does not deny that the evidence presented in the State's effort to prove him guilty of the charged offense of aggravated robbery also of necessity demonstrated his guilt of aggravated assault.[2]

Appellant's argument is that aggravated assault cannot be a lesser included offense of aggravated robbery because the offense of assault does not require the element of unlawful appropriation of property with intent to deprive the owner of it that is required to prove the offense of robbery.  He cites *Earls v. State*, 707 S.W.2d 82 (Tex.Crim.App. 1986), as establishing that theft is a lesser included offense of robbery, and quotes the statement

---

[1]The indictment contained two counts, charging appellant, in identical language, with aggravated robbery of officer Nevill and a second person present.

[2]Officer Nevill and the other victim both testified they were in fear of being shot. Appellant also took the stand and, on cross examination, acknowledged that his actions threatened and placed both victims in fear of their lives or bodily injury.

in that case that theft was "necessarily included in the alleged elements of the greater offense of robbery" when the indictment alleged "in the course of committing theft." *Id.* at 84-85. *Earls* does not support a contention that theft is an essential element of any lesser included offense of robbery. The *Earls* opinion notes, in the sentence following that just quoted, that robbery "requires an additional element." *Id.* at 85. *Earls* does not suggest that additional element cannot form the basis of a lesser included offense.

The *Day* opinion contains a discussion that a purported lesser included offense must bear a relationship to the charged offense. 532 S.W.2d at 315-16; *see Cunningham v. State*, 726 S.W.2d 151, 153 (Tex.Crim.App. 1987). Appellant essentially argues that the offense of aggravated assault categorically does not bear a sufficient relationship to that of aggravated robbery to enable the former offense to be viewed as a lesser included offense of the latter. Appellant's counsel argued at trial eliminating the element of theft would eviscerate the offense of robbery "and just change it into something it never was." Appellant's argument ignores the Court of Criminal Appeals' jurisprudence characterizing the offense of robbery as an "assaultive offense" since its re-definition in the 1974 penal code, rather than an aggravated form of theft as under common law. *See Ex parte Hawkins*, 6 S.W.3d 554, 560 (Tex.Crim.App. 1999) (for double jeopardy analysis, "robbery is a form of assault"); *Crank v. State*, 761 S.W.2d 328, 350 (Tex.Crim.App. 1988) ("gravamen of robbery is the assaultive conduct and not the theft"). Judge Johnson's concurring opinion in *Hawkins*, while stating the majority opinion goes too far in saying that robbery is a form of assault, notes that assault and robbery have elements in common and

-4-

that under a *Blockburger*[3] (double jeopardy) analysis, assault is considered a lesser-included offense of robbery. *Hawkins*, 6 S.W.3d at 563 (Johnson, J., concurring).

The trial court did not err in treating aggravated assault as a lesser included offense of aggravated robbery in this case. We overrule appellant's issue and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3]*Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).