NO. 07-05-0410-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 30, 2007


 ______________________________



DAMON ONEALL MILLER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY;



NO. 0955659R; HONORABLE ELIZABETH BERRY, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Damon Oneall Miller appeals his conviction of the felony offense of aggravated
robbery and punishment, enhanced by prior convictions, of 30 years confinement. His
single issue on appeal challenges the legal sufficiency of the evidence supporting the jury's
verdict. We affirm.

 The events giving rise to appellant's prosecution occurred outside a video rental
store in Fort Worth in July 2004. Late in the evening on July 24, Ana Bouldin parked under
a light outside the store. As she walked to the store to rent a movie, she saw a black man
wearing blue shorts, a white t-shirt and a stocking on his head near the front of the store. 
When Bouldin returned to her car a few minutes later the same man approached her and
asked for her phone and purse. She testified he had "his hands wrapped up with [what]
looked like metal across it with a knife in his hand." He touched her with the knife and she
was "very afraid." After she handed the attacker her purse and phone, he told her to get
in the car. Instead, Bouldin struck him and ran back to the store where she placed a call
to police. Bouldin said her attacker ran in the direction of a Minyard's store in the same
shopping center. 

 Acting on information from another police officer, four days later Fort Worth police
investigator Don Owings interviewed Steven Blevins and David Arriaga at a house owned
by Brady Allen near the location of the robbery. Based on that interview, on the same day
Owings presented Bouldin with six photographs including one of appellant. Bouldin
identified appellant and he was charged with aggravated robbery. At trial Bouldin again
identified appellant as the man who robbed her. Blevins testified appellant spent several
days at Allen's house, including July 24, 2004. Blevins said on that evening he saw
appellant, wearing light blue shorts and a shirt running past the Minyard's store toward the
house. Blevins' status as an inmate in the Tarrant County jail with two pending felony
charges against him at the time of trial was developed in front of the jury. The jury found
appellant guilty and the trial court assessed punishment.

 Citing a single case, Blankenship v. State, 780 S.W.2d 198 (Tex.Crim.App. 1989),
appellant concludes the evidence was legally insufficient to permit a rational fact finder to
find beyond a reasonable doubt he committed the offense of aggravated robbery. 
Appellant's brief does not discuss the elements of the offense or identify any element on
which the State's evidence was lacking. The brief fails to present any argument for his
conclusion and fails to meet the requirement of appellate rule 38.1(h). We will,
nevertheless, address his contention. When deciding whether evidence is legally sufficient
to support a conviction, a reviewing court must assess all the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could find the
essential elements of the crime beyond a reasonable doubt. Poindexter v. State, 153
S.W.3d 402, 405 (Tex.Crim.App. 2005), citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct.
2781, 61 L.Ed.2d 560 (1979). 

 On the facts of this case, the elements of robbery are that the defendant, at the
stated time and place, while in the course of committing theft of property and with intent
to obtain or maintain control of the property, intentionally or knowingly threatened or placed
the victim in fear of imminent bodily injury or death; and then and there exhibited or used
a deadly weapon, specifically a knife, which in the manner of its use or intended use was
capable of causing death or serious bodily injury. See Tex. Penal Code Ann. § 29.02
(Vernon 2003); Jefferson v. State, 144 S.W.3d 612, 613 (Tex.App.--Amarillo 2004, no
pet.).

 The jury was free to believe the victim's testimony that the man who attacked her
threatened her with a knife to coerce her to turn over her purse and phone. She also
testified she feared for her life. Officer Lloyd Cook testified a knife like the one the victim
described would be a deadly weapon. The jury heard the circumstances surrounding the
victim's opportunity to see the man who committed the offense and her subsequent
identification of appellant in a photograph. (1) They observed her identification of him at trial. 
The jury also heard a second witness who knew appellant and identified him as wearing
similar clothing in the immediate area about the time of the robbery. The jury had ample
evidence on which to evaluate the weight to be given to the identification of appellant.

 Our review of the record compels the conclusion a rational fact finder could have
found the elements of the offense beyond a reasonable doubt. We overrule appellant's
sole issue and affirm the judgment of the trial court. 


 James T. Campbell

 Justice





Do not publish.


1. The photographic lineup was introduced in evidence and appears in the appellate
record. Appellant makes passing reference in his brief to the lineup, but does not argue
the presentation was improper or suggested his identification by the victim.