NO. 07-05-0410-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 30, 2007
_____

DAMON ONEALL MILLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE CRIMINAL DISTRICT COURT NO. 3  OF TARRANT COUNTY;

NO. 0955659R; HONORABLE ELIZABETH BERRY, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Damon Oneall Miller appeals his conviction of the felony offense of aggravated robbery and punishment, enhanced by prior convictions, of 30 years confinement.  His single issue on appeal challenges the legal sufficiency of the evidence supporting the jury's verdict.  We affirm.

The events giving rise to appellant's prosecution occurred outside a video rental store in Fort Worth in July 2004.  Late in the evening on July 24, Ana Bouldin parked under a light outside the store.  As she walked to the store to rent a movie, she saw a black man

wearing blue shorts, a white t-shirt and a stocking on his head near the front of the store. When Bouldin returned to her car a few minutes later the same man approached her and asked for her phone and purse. She testified he had "his hands wrapped up with [what] looked like metal across it with a knife in his hand." He touched her with the knife and she was "very afraid." After she handed the attacker her purse and phone, he told her to get in the car. Instead, Bouldin struck him and ran back to the store where she placed a call to police. Bouldin said her attacker ran in the direction of a Minyard's store in the same shopping center.

Acting on information from another police officer, four days later Fort Worth police investigator Don Owings interviewed Steven Blevins and David Arriaga at a house owned by Brady Allen near the location of the robbery. Based on that interview, on the same day Owings presented Bouldin with six photographs including one of appellant. Bouldin identified appellant and he was charged with aggravated robbery. At trial Bouldin again identified appellant as the man who robbed her. Blevins testified appellant spent several days at Allen's house, including July 24, 2004. Blevins said on that evening he saw appellant, wearing light blue shorts and a shirt running past the Minyard's store toward the house. Blevins' status as an inmate in the Tarrant County jail with two pending felony charges against him at the time of trial was developed in front of the jury. The jury found appellant guilty and the trial court assessed punishment.

Citing a single case, *Blankenship v. State*, 780 S.W.2d 198 (Tex.Crim.App. 1989), appellant concludes the evidence was legally insufficient to permit a rational fact finder to find beyond a reasonable doubt he committed the offense of aggravated robbery.

2

Appellant's brief does not discuss the elements of the offense or identify any element on which the State's evidence was lacking. The brief fails to present any argument for his conclusion and fails to meet the requirement of appellate rule 38.1(h). We will, nevertheless, address his contention. When deciding whether evidence is legally sufficient to support a conviction, a reviewing court must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005), *citing Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

On the facts of this case, the elements of robbery are that the defendant, at the stated time and place, while in the course of committing theft of property and with intent to obtain or maintain control of the property, intentionally or knowingly threatened or placed the victim in fear of imminent bodily injury or death; and then and there exhibited or used a deadly weapon, specifically a knife, which in the manner of its use or intended use was capable of causing death or serious bodily injury. *See* Tex. Penal Code Ann. § 29.02 (Vernon 2003); *Jefferson v. State*, 144 S.W.3d 612, 613 (Tex.App.--Amarillo 2004, no pet.).

The jury was free to believe the victim's testimony that the man who attacked her threatened her with a knife to coerce her to turn over her purse and phone. She also testified she feared for her life. Officer Lloyd Cook testified a knife like the one the victim described would be a deadly weapon. The jury heard the circumstances surrounding the

3

victim's opportunity to see the man who committed the offense and her subsequent identification of appellant in a photograph.[1]  They observed her identification of him at trial. The jury also heard a second witness who knew appellant and identified him as wearing similar clothing in the immediate area about the time of the robbery.  The jury had ample evidence on which to evaluate the weight to be given to the identification of appellant.

Our review of the record compels the conclusion a rational fact finder could have found the elements of the offense beyond a reasonable doubt.  We overrule appellant's sole issue and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

---

[1] The photographic lineup was introduced in evidence and appears in the appellate record.  Appellant makes passing reference in his brief to the lineup, but does not argue the presentation was improper or suggested his identification by the victim.